**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWEST DIVISION**

| | | |
|---|---|---|
| MARK SPLONSKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| ERIKA WHITE, in her capacity as State | ) | |
| Election Director of North Dakota, | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

Plaintiff Mark Splonskowski brings this action for declaratory and permanent injunctive relief against Defendant Erika White in her official capacity as the State Election Director of North Dakota, alleging as follows:

1. Federal law fixes Election Day on one specific day. 2 U.S.C. § 1; 2 U.S.C. § 7; and 3 U.S.C. § 1.

2. Congress originally enacted a single statutory election day in order to address chaos and prolonged uncertainty surrounding elections in the 19th Century.

3. In describing the purpose of the law, the Member of Congress who sponsored the legislation stated:

> The object of this amendment is to provide a uniform time of electing Representatives in Congress… But on account of the facility for colonization and repeating among the large central States, New York holding its election in November, and Ohio, Pennsylvania, and Indiana holding their elections in October, the privilege is allowed the border States, if any man is so disposed, of throwing voters across from one into the other.

> I think it will be fair for everybody that on the day when one votes all should
> vote, and that the whole question should be decided then.

CONG. GLOBE, 42d Cong., 2d Sess. 112 (1871).

4. Despite federal law assigning one day as Election Day, North Dakota law allows ballots to arrive and be counted up to 13 days after Election Day. N.D. CENT. CODE, §§ 16.1-11.1-07 and 16.1-15-17.

5. The "whole question" of who the new officeholder will be cannot be decided on Election Day because North Dakota continues accepting ballots after Election Day.

6. In fact, North Dakota law allows votes to be delivered by mail and cast for a longer period after Election Day than nearly every single other state.

7. North Dakota law and Defendant's enforcement of it harm Mr. Splonskowski because they put him in the position of having to choose between dictates of state law to accept and allow votes to be cast after Election Day and federal law that requires a single election day.

8. Mr. Splonskowski is subject to criminal penalties if he chooses incorrectly.

9. Mr. Splonskowski seeks a judgment declaring North Dakota's extension of Election Day to be unlawful and an injunction enjoining the laws allowing for the extension.

## Jurisdiction and Venue

10. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 2201, as the action arises under the laws of the United States, and because this matter is a proper subject for a declaratory judgment.

11. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurs in this district.

## Parties

12. Defendant Erika White is the State Elections Director for North Dakota ("Director" or "the Director") and is sued in the Director's official capacity only. North Dakota employs the Director to administer elections and has delegated significant authority to her to manage and direct North Dakota's elections. N.D. CENT. CODE § 16.1-01-01. The Director is responsible for implementing election best practices and training for the State of North Dakota, working closely with North Dakota's 53 counties to ensure uniform election procedures and processes. In this capacity, the Director also conducts training for all county auditors every election year to train them on uniform implementation of state election policies, including how to properly accept ballots, and which ballots to accept. *Id.* § 16.1-01-01(2)(d).

13. Plaintiff Mark Splonskowski is the County Auditor of Burleigh County, North Dakota. In this capacity, he is the county administrator of elections and is responsible for the proper administration of state laws, rules, and regulations concerning election procedures within Burleigh County. N.D. CENT. CODE § 16.1-01-01(4). Before each primary and general election, he must conduct "training sessions on election laws and election procedures for election officials in the county," including all election board members and poll clerks. *Id.* § 16.1-05-03(2). He also must designate a location for the closing, counting, and canvassing process, to be open to any person for the purpose of observing, and he sits on the county canvassing board, which reviews ballots that arrive after Election Day and certifies the county election results. *See id.* §§ 16.1-11.1-06 and 16.1-15-15.

## Factual Allegations

***Federal Law on Election Day***

14. The United States Congress is authorized under Art. I, § 4 cl. 1 and Art. II, § 1 cl. 4 to establish the time for conducting federal elections.

15. The next Tuesday after the first Monday in November of every even-numbered year is Election Day for federal elections. *See* 2 U.S.C. § 1 (2022), 2 U.S.C. § 7 (2022), and 3 U.S.C. § 1 (2021).

16. Indeed, a recent revision to Title 3 dealing with the election process to elect the President reiterated that "'election day' means the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President held in each State..." Electoral Count Reform Act, 136 Stat. 5233, 5235 (enacted as Div. P, Title I, § 102(b) of the Consolidated Appropriations Act, 2023, 117 Pub. L. No. 328, Dec. 29, 2022).

17. Federal law prescribes votes to be tabulated on Election Day, as every mention of the day is singular, and not plural.

***North Dakota's Election Process***

18. North Dakota allows any qualified voter to vote via absentee ballot, with no particularized justification. *See* N.D. CENT. CODE § 16.1-07-01.

19. Absentee ballots must be delivered in-person before Election Day or mailed. If mailed, they must be postmarked the day before Election Day in order to be tallied and must be received prior to the meeting of the county's canvassing board. *See* N.D. CENT. CODE § 16.1-07-09.

20. These county canvassing boards meet "[o]n the thirteenth day following each election." *See* N.D. CENT. CODE § 16.1-15-17.

21. Read together, these two provisions mean that absentee ballots received up to 13 calendar days after the day of the election shall be counted as if cast and received on or before Election Day, provided they are accepted by the county canvassing board.

22. In addition to absentee voting by mail, North Dakota law permits a Board of County Commissioners to conduct elections by mail ballot. *See* N.D. CENT. CODE § 16.1-11.1-01.

23. Mail ballots must be returned to a designated place of receipt before Election Day, or mailed with a postmark of, at the latest, the day before the election. *See* N.D. CENT. CODE § 16.1-11.1-04.

24. Mail ballots must be received prior to the meeting of the county canvassing board. *See* N.D. CENT. CODE § 16.1-07-09.

25. The county canvassing board members must take an oath before opening and canvassing the returns. N.D. CENT. CODE § 16.1-15-17.

26. That oath requires the members to "solemnly swear" to "support the Constitution of the United States and the Constitution of the State of North Dakota."

27. The County Canvassing Board canvasses the returns of all ballots that have arrived since Election Day at this meeting. N.D. CENT. CODE § 16.1-15-17.

28. There the board determines which mail and absentee ballots constitute legitimate votes. N.D. CENT. CODE §§ 16.1-15-01, -17, and -19.

29. After the ballots have been counted and the votes canvassed, each member of the canvassing board must sign an affidavit attesting to the veracity of the returns in the canvass report. N.D. CENT. CODE § 16.1-15-05.

30. North Dakota state election officials have already posted "Voter Important Dates" as November 4, 2024, being the submission deadline for absentee and mail ballots, and November 18, 2024, being the County Canvassing Board meeting. *See* Secretary of State, Voter Important Dates, *found online at* https://vip.sos.nd.gov/PortalListDetails.aspx?ptlhPKID=104&ptlPKID=7.

### *Penalties Associated with Election Offenses*

31. It is unlawful for an individual to "[k]nowingly exclude a qualified elector from voting or knowingly allow an unqualified individual to vote." N.D. Cent. Code § 16.1-01-12(1)(f). This offense is a class A misdemeanor. *Id.* at § 16.1-01-12(2)(a).

32. It is unlawful to "[w]illfully fail to perform any duty of an election officer after having accepted the responsibility of being an election officer by taking the oath as prescribed in this title." N.D. Cent. Code § 16.1-01-12(1)(k). This offense is a class A misdemeanor. *Id.* at § 16.1-01-12(2)(a).

33. It is unlawful to "[w]illfully violate any rule adopted by the secretary of state pursuant to this title." N.D. Cent. Code § 16.1-01-12(l). This offense is a class A misdemeanor. *Id.* at § 16.1-01-12(2)(a).

34. It is unlawful to "[w]illfully make any false canvass of votes, or make, sign, publish, or deliver any false return of an election, knowing the canvass or return to be false…." N.D. Cent. Code § 16.1-01-12(m). This offense is a class C felony. *Id.* at § 16.1-01-12(2)(b).

### *Late Ballots Arriving After Election Day in the 2022 Election*

35. The 53 county canvassing boards of North Dakota received at least 294 ballots after Election Day and counted at least 212 of them in the November 2022 election.

36. Burleigh County received at least 53 ballots after Election Day and counted 30 of them in the November 2022 election.

37. One ballot was received through the United States Postal Service but had no postmark on it and was counted in the election.

38. Because North Dakota's system allows ballots to be received and cast 13 days after Election Day, North Dakota's federal officeholders on the ballot in November 2022 had their elections certified by County Canvassing Boards of North Dakota on November 21, 2022.

39. Other states determined the races for federal officeholders after Election Day too. In Utah, 3 federal congressional races were not determined until November 22, 2022, after the election held on November 9, 2022. In Illinois, 6 federal congressional races were not determined until November 22, 2022.

40. Political cartoons have even taken to poking fun at the extended electoral process.



Dana    Summers,    Tribune    Content    Agency,    *found    online    at* https://www.syracuse.com/opinion/2020/11/editorial-cartoons-for-nov-8-2020-waiting-for-a-winner-counting-votes-shaming-pollsters.html

*The Effect of the Conflicting Laws*

41. Mr. Splonskowski is harmed by instructions to accept and cast ballots received after Election Day.

42. Mr. Splonskowski, as county auditor, must enforce state law in the administration of election procedures in Burleigh County. He must train election officials in the county on how to conduct elections in Burleigh County. Because federal and state law conflict on the day the ballots must be turned in, he faces an impossibility in enforcing the law.

43. Mr. Splonskowski sits on the county canvassing board, which reviews and counts ballots that arrive after Election Day and certifies the election results. In this role, he must "solemnly swear" to "support the Constitution of the United States and the Constitution of the State of North Dakota." However, since the federal and state law conflict, Mr. Splonskowski must choose which law to enforce when determining whether to certify ballots that arrive after Election Day, and if he chooses incorrectly, he can be subject to a Class C felony for certifying a false canvass of votes, or a Class A misdemeanor for failing to perform a duty as an election official, violating a rule set by the Secretary of State, or knowingly allowing an unqualified individual to vote.

44. Mr. Splonskowski has no adequate remedy at law.

## COUNT I
### Violation of 2 U.S.C. § 7, 2 U.S.C. § 1, and 3 U.S.C. § 21

45. Plaintiff Mr. Splonskowski hereby incorporates the above listed allegations.

46. 2 U.S.C. § 7 and 3 U.S.C. § 21 provide that federal elections occur on one day – "on the Tuesday next after the first Monday in November."

47. In 2024, this means that the federal election will occur on November 5, 2024.

48. Yet, Mr. Splonskowski will be trained by Defendant to accept and tabulate ballots that come in after Election Day.

49. At the County Canvassing Board meeting November 18, 2024, Mr. Splonskowski will have to make the decision of choosing between conflicting state and federal law, risking violating his oath and incurring criminal penalties.

50. Mr. Splonskowski has no other remedy in law and will suffer serious and irreparable harm to his constitutional rights unless Defendant is enjoined from implementing North Dakota's laws related to accepting late ballots.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

A.    Declaring North Dakota's statutes allowing ballots to be received and counted after Election Day to violate federal law under 28 U.S.C. § 2201;

B.    Enjoining Defendant from implementing and enforcing North Dakota's laws allowing for the receipt and tabulation of ballots after Election Day;

C.    Enjoining Defendant from instructing and training North Dakota's election officials to count ballots received after Election Day;

D.    Awarding Plaintiff reasonable attorneys' fees, expenses, and costs; and

E.    Awarding any other relief the Court deems just and proper.

Dated: July 5, 2023

Respectfully submitted,

*s/David J. Chapman*

_____

David J. Chapman
D J Chapman Law, P.C.
3155 Bluestem Dr., PMB #388
West Fargo, ND 58078
(701) 232-5899
dchapman@djchapmanlaw.com

Noel Johnson*
Public Interest Legal Foundation
107 S. West Street, Ste 700
Alexandria, VA 22314
(703) 745-5870
njohnson@publicinterestlegal.org

*Request for admission forthcoming*