IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mark Splonskowski,<br><br>                              Plaintiff,<br><br>vs.<br><br>Erika White, in her capacity as State Election Director of North Dakota,<br><br>                              Defendant. | Case No. 1:23-cv-00123 |

## ORDER FOR ADDITIONAL BRIEFING

[¶1]   THIS MATTER comes before the Court on a Motion to Dismiss filed by the Defendant Erika White ("White"). Doc. No. 9.  Plaintiff, Mark Splonskowski ("Splonskowski") filed a Response on September 5, 2023. Doc. No. 17. The United States Department of Justice filed a Statement of Interest on White's Motion to Dismiss on September 11, 2023. Doc. No. 19.  The Court has reviewed the briefing on file and the issue of whether Splonskowski has legal authority to initiate this suit has not been addressed by the Parties. The Court believes Splonskowski's legal authority may be a threshold issue before considering the question presented in the pending Motion to Dismiss. The Court believes additional briefing is necessary.

[¶2]   In North Dakota, "[e]ach organized county is a body corporate for civil and political purposes only. As such, the county may sue and be sued." N.D.C.C. § 11-10-01. To effectuate this authority to sue, the North Dakota Legislature gave the power to institute civil actions "for and on behalf of the county and in its name" to the board of county commissioners for each county. N.D.C.C. § 11-11-14. Notably, North Dakota county auditors are not given that same authority. See N.D.C.C. § 11-13-02 (describing the duties of county auditors).

[¶3]     The authority to sue appears to be vitally important here. Splonwskowski seeks declarative and injunctive relief to prohibit the enforcement of North Dakota's ballot counting statutes as violative of federal election law. The Complaint's caption is silent as to what capacity Splonskowski sues the Defendant. See Doc. No. 1. But the description of Splonskowski clearly contemplates the suit in his official capacity as Burleigh County Auditor:

> Plaintiff Mark Splonskowski is the County Auditor of Burleigh County, North Dakota. **In this capacity**, he is the county administrator of elections and is responsible for the proper administration of state laws, rules, and regulations concerning election procedures within Burleigh County. N.D. CENT. CODE. § 16.1-01-01(4). Before each primary and general election, he must conduct "training sessions on election laws and election procedures for election officials in the county," including all election board members and poll clerks. Id. § 16.1-05-03(2). He also must designate a location for the closing, counting, and canvassing process, to be open to any person for the purpose of observing, and he sits on the county canvassing board, which reviews ballots that arrive after Election Day and certifies the county election results. See id. §§ 16.1-11.1-06 and 16.1-15-15.

Doc. No. 1, ¶ 12 (emphasis added). Despite this clear indication in the Complaint, at a County Commission meeting on July 19, 2023, Splonskowski claimed he brought this lawsuit in his "individual" capacity.[1] [2] The Burleigh County State's Attorney, Julie Lawyer, called the matter "a bit complicated" and concluded Burleigh County is not involved in this lawsuit "at all" because Splonskowski brought it individually and the County is not paying for the litigation.[3] [4]

---

[1] See Noble Sys. Corp. v. Alorica Central, LLC, 543 F.3d 978, 982 (8th Cir. 2008) (noting courts may judicially notice public records).
[2] Burleigh County Commission meeting on July 19, 2023, found at https://archive.org/details/BurleighCountyCommission2023-07-19, at 1:59:26-2:04:15; see also Blake Nicholson, *Splonskowski to County Commission: Election Lawsuit is Private; Woodcox Expresses Unease*, Bismarck Tribune, July 19, 2023, found at https://bismarcktribune.com/news/state-regional/government-politics/splonskowski-to-county-commission-election-lawsuit-is-private-woodcox-expresses-unease/article_69787048-264a-11ee-ae5a-8b84a382c3de.html.
[3] Id.
[4] Who pays for the litigation has no bearing on the capacity in which Splonskowski brings this suit. While private funding may be paying for Splonskowski's claim, that does not matter when considering whether Splonskowski's claims are brought in his official or individual capacity.

[¶4]    The only issue with State's Attorney Lawyer's assessment, as this Court sees it, is not single claim in the Complaint involves Splonskowski as an individual citizen. Not only is this supported by the plain language of the Complaint, but Splonskowski's briefing essentially advances the same. See Doc. No. 17, pp. 6-7 (noting all of the actions Splonskowski has to take in his official capacity). Despite Splonskowski's affirmation at the County Commission meeting that he brought this case in his official capacity, each allegation in the Complaint relates directly to his official actions taken as Burleigh County Auditor. Every injury he claims will occur are a direct result of his official actions as County Auditor and are not specific to Splonskowski as a citizen. If he were not the County Auditor, he would suffer no injury. Not a single fact Splonskowski alleges leads this Court to conclude he has brought this case in his "individual" capacity. While Splonskowski's position may be a clever lawyer's trick to try to get around the Commission's sole authority to bring this claim, it appears Splonskowski may not have legal authority to bring this action.[5]

[¶5]    Accordingly, the Court **ORDERS** additional briefing by the Parties on whether the Complaint should be dismissed because Splonskowski lacks approval from the Burleigh County Commission to initiate this lawsuit in his official capacity as Burleigh County Auditor. Briefing shall be submitted as follows:

- Splonskowski's additional brief is due by September 29, 2023.
- White's Response is due by October 6, 2023.
- Splonskowski's Reply is due October 13, 2023.

---

[5] If Splonskowski is seeking guidance on what he should do in light of the alleged inconsistencies between federal and state election law, he may request an opinion from State's Attorney Lawyer. See N.D.C.C. § 11-16-01(1)(i) ("The state's attorney is the public prosecutor, and shall: . . . (i) Give, when required and without fee, the state's attorney's opinion in writing to the county, district, township, and school district officers on matters relating to the duties of their respective offices.").

[¶6]    **IT IS SO ORDERED.**

DATED September 15, 2023.

/s/ Daniel M. Traynor

Daniel M. Traynor, District Judge
United States District Court