UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mark Splonskowski,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Erika White, in her capacity as State Election Director of North Dakota,<br><br>　　　　　　　　　Defendant. | **RESPONSE TO PLAINTIFF'S ADDITIONAL BRIEFING**<br><br>Case No. 1:23-cv-00123 |

## INTRODUCTION

[¶1]     Defendant Erika White, in her capacity as State Election Director of North Dakota, hereby responds to Plaintiff's Additional Briefing, Doc. No. 26, submitted pursuant to the Court's Order for Additional Briefing on the matter of Plaintiff's legal authority to bring this action. Doc. No. 22. For the reasons set forth below, Defendant respectfully submits that Plaintiff lacks standing to bring this suit in any capacity, and renews her request that this case be dismissed.

## ARGUMENT

[¶2]     In Defendant's view, the question of capacity is at the heart of the Court's Order. The issue is particularly fraught here because of Plaintiff's alleged injuries, which are, as the Court notes, "a direct result of his official actions as County Auditor." Doc. No. 22 at ¶ 4. The Court acknowledges Plaintiff's public statement that he brings the case in his personal capacity only, but looks to the briefing and observes "[n]ot a single fact Splonskowski alleges leads this Court to conclude he has brought this case in his "individual" capacity." *Id*. at ¶¶ 3-4.  Defendant understands the question posed by the Court as follows: considering the apparent official-nature capacity of Plaintiff's suit, is it barred by N.D. Cent. Code § 11-11-14?

[¶3]     In his Additional Briefing ("Brief"), Plaintiff simply asserts that he is bringing this case in his individual capacity "under ordinary standing principles." Doc. No. 26 at 1. He then proceeds to consider the following question: given that Plaintiff brings the suit as an individual, is it barred by N.D. Cent. Code § 11-11-14?

[¶4]   Defendant respectfully submits that the question raised by the Court is slightly different than the question answered by the Plaintiff, and will start her argument by focusing on the "ordinary standing principles" which Plaintiff asserts control this matter.

I.   **Plaintiff Improperly Combines Two Capacities to Establish Standing.**

[¶5]   Plaintiff does not appear to dispute one of the Court's primary observations: that his allegations of harm are logically dependent upon his status as Burleigh County Auditor. But his own explanation of his capacity illustrates the flaws in his standing argument. He writes, "To be sure, Mr. Splonskowski's injuries depend on his obligations as Burleigh County Auditor. Those injuries do not impact his office or the Board, they impact him personally." Brief at 1. In other words, Plaintiff's injuries start from his official capacity as Burleigh County Auditor, and then accrue to Plaintiff as an individual. Effectively, Plaintiff tries to combine his official and individual capacities into one capacity in order to show standing. This attempt fails as a matter of logic and legal precedent.

[¶6]   When addressing the question of standing, courts explicitly separate official capacity standing and individual capacity standing. *See, e.g., Kearns v. Cuomo,* 415 F. Supp. 3d 319, 326–337 (W.D.N.Y. 2019), aff'd, 981 F.3d 200 (2d Cir. 2020) (in action brought by county clerk, separating out official capacity standing and individual capacity standing analyses); *Arpaio v. Obama*, 27 F. Supp. 3d 185, 200 (D.D.C. 2014), aff'd, 797 F.3d 11 (D.C. Cir. 2015) (noting Plaintiff's failure to identify capacity in Complaint and requiring clarification at oral argument; proceeding to separately address standing for either capacity).

[¶7]   Plaintiff does not appear to dispute that these two capacities – individual and official – are legally distinct. Yet Plaintiff provides no support for the proposition that he may borrow from the duties of his office for purposes of establishing injury as an individual.

[¶8]   Once Plaintiff's capacities are properly separated, each argument for standing collapses without the support of the other. In his individual capacity, he has no personal connection to enforcement of *any* voting laws, which he only enforces under the auspices of his elected office. And in his official capacity, he has no injury, because the Office of the Burleigh County Auditor

is not a person subject to prosecution, as Plaintiff seems to agree. *See* Brief at 4 ("Those injuries do not impact his office. . .)

[¶9]    Indeed, it could be argued that Plaintiff's capacities are directly in conflict with each other. For instance, in an official capacity suit, a plaintiff must show that the challenged actions "have interfered with his official duties. . ." *Arpaio* v. *Obama*, 27 F. Supp. 3d 185, 203. Here, the only one interfering with Plaintiff's official duties is Plaintiff himself, through his avowed intent to violate state law. If anything, Plaintiff as Auditor could seek to enjoin Plaintiff as citizen for trying to disrupt the electoral process. Obviously, the idea of a person suing himself in federal court is absurd – but it is a nice illustration of the logical challenges present here. At the very least, the capacity problem reiterates the jurisdictional one already briefed extensively by White in her Motion to Dismiss and associated briefing: the distance between Plaintiff's official duties and his personal fear of prosecution is too great to establish an injury. *See generally* Doc. Nos. 9, 10, 25. His claims are too "attenuated" to establish standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013).

## II.    State Law Does Not Help Plaintiff

[¶10]   Once Plaintiff has asserted individual standing, he bases his argument on the idea that Section 11-11-14 does not preclude a person with individual standing from bringing a lawsuit. That may be – but as explained above, Plaintiff is not such a person. Plaintiff writes that Section 11-11-14(1) would not prohibit "a county official from instituting an action in his own name to remedy personal injuries." Brief at 4. But this omits the point that these injuries are not truly "personal" when they rely upon *both* Plaintiff's personal consequences and the duties of his office.

[¶11]   Plaintiff's insistence that his suit is brought in his personal capacity, together with the details of his specific allegations, render the application of Section 11-11-14(1) very difficult to parse. For one, his analysis leaves out the role of the State's Attorney, who has a host of statutory duties regarding litigation on behalf of the county. *See* N.D. Cent. Code § 11-16-01 (1). While not binding on this Court, the role of the State's Attorney was helpfully explained in Letter Opinion No. 2014-L-08, issued by the Office of Attorney General in 2014. 2014 N.D. Op. Att'y Gen. No.

L-08 (2014), 2014 WL 2417714. Therein, the Attorney General cited the 1904 North Dakota Supreme Case of *Fox v. Jones*, 13 N.D. 610, 102 N.W. 161 (1905) as well as Section 11-16-01 to opine whether a State's Attorney was required to represent a county's social service board. The Attorney General read *Fox* for the proposition that "where a county agency needed to conduct legal work, the state's attorney was the only attorney who could perform such work." *Id.* The opinion concluded, "the state's attorney is responsible for all legal representation of county government, including all legal duties that may be undertaken by the county's agencies such as a social service board." 2014 N.D. Op. Att'y Gen. No. L-08 (2014).

[¶12] As the Court noted, the State's Attorney's Office is not involved in this litigation,[1] raising further doubts as to Plaintiff's ability to rely upon his official-capacity injuries. Essentially, from Defendant's perspective, the problem is not so much that Section 11-11-14 or Section 11-16-01 specifically precludes Plaintiff from bringing *this* action: it is that *this action itself* is fatally flawed because it combines two separate capacities to establish the requisite injury. Chapters 11-11 and 11-16 merely occupy the space from which Plaintiff must borrow to bolster his purportedly personal claim of injury, which in reality depends on the duties of his office. But as set forth above, such combinations of capacity are legally and logically impossible. Whether this matter is viewed through the lens of capacity or standing, Plaintiff's inability to proceed is clear. Defendant respectfully requests that this matter be dismissed.

---

[1] Notably, even if somehow the Burleigh County State's Attorney were somehow involved in bringing this lawsuit, Plaintiff cites the Burleigh County State's Attorney's Office as the entity whose threat of prosecution creates his injury.

Dated this 6th day of October, 2023.

        State of North Dakota
        Drew H. Wrigley
        Attorney General

By:    /s/ Jane G. Sportiello
        Jane G. Sportiello
        Assistant Attorney General
        State Bar ID No. 08900
        Email jsportiello@nd.gov

        /s/ Courtney R. Titus
        Courtney R. Titus
        Assistant Attorney General
        State Bar ID No. 08810
        Office of Attorney General
        500 North 9th Street
        Bismarck, ND 58501-4509
        Telephone (701) 328-3640
        Facsimile (701) 328-4300
        Email ctitus@nd.gov

Attorneys for Defendant.